IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JERRY HERRINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:25-cv-08795 |
| | ) | |
| v. | ) | |
| | ) | Hon. John Robert Blakey |
| CITY OF CHICAGO, a municipal corporation, MATTHEW BRANDON, Star No. 17698; JAMES McKNIGHT, Star No. 13026; EDWARD WINSTEAD, Star No. 20119; DELORES MYLES, Star No. 20242; Special Representative To Be Determined for JAMES R. RILEY, Star No. 20250, Deceased; Special Representative To Be Determined for JEROME C. DOROBA, Star No. 20209; THOMAS F. KELLY, Star No. 14082; JAMES E. WARD, Star No. 15808; WILLIAM TOFFENETTI, and COOK COUNTY, | ) | Magistrate Gabriel A. Fuentes |
| Defendants. | ) | |

**DEFENDANT CITY'S UNOPPOSED MOTION FOR ENTRY
OF HIPAA AND MENTAL HEALTH PROTECTIVE ORDER**

Defendant City of Chicago ("City"), through its counsel, Burns Noland LLP, respectfully moves (unopposed) for entry of a HIPAA and Mental Health Protective Order, and states the following in support of its Motion:

**INTRODUCTION**

Due to the nature of Plaintiff Jerry Herrington's claims, including the alleged physical, psychological, and emotional harm stemming from his arrest and subsequent criminal conviction, a Health Insurance Portability and Accountability Act ("HIPAA") and Mental Health and Developmental Disabilities Confidential Act ("MHDDCA") order is necessary to obtain Plaintiff's

medical and mental health records. Plaintiff and the other Defendants agree to the entry of the proposed order.

## FACTUAL ALLEGATIONS

Plaintiff filed a Complaint asserting, *inter alia*, claims that invoke 42 U.S.C. §1983 against the City, former Chicago Police Department police officers and detectives (hereinafter "Defendant Officers"), former assistant state's attorney William Toffenetti, and Cook County. Plaintiff's lawsuit arises from his arrest, prosecution, and conviction for the June 1991 murder of Vera Brown. Plaintiff alleges that unconstitutional misconduct of the Defendant Officers and Defendant Toffenetti caused Plaintiff to be wrongfully convicted and incarcerated for almost 30 years. Plaintiff alleges that the alleged misconduct also caused him to experience the following:

> . . . horrific and permanent injury, including but not limited to pain and suffering from being incarcerated and the danger, stress, and fear that came with it; the loss of freedom; the loss of time, affection, and support of and with loved ones; emotional pain and suffering of the most severe and persistent nature; humiliation; degradation; lost wages and economic opportunity; and other continuing injuries and damages as compensable under the law.

Dkt. No. 1, Compl. ¶¶ 118, 131, 142, 149, 158, 166, 177, 215, 225, 234, 239, 247. In Plaintiff's intentional infliction of emotional distress claim in Count 10, he further alleges that the Defendant Officers and Defendant Toffenetti caused him to experience severe emotional distress. *Id.* at ¶ 228. Plaintiff also alleges that he was subjected to physical abuse by two of the Defendant Officers during their investigation. *Id.* at ¶ 52.

## ARGUMENT

Federal and Illinois statutes protect the confidentiality of medical and mental health information. *See generally* HIPAA, 42 U.S.C. § 1320d et seq.; the Illinois Mental Health and Developmental Disabilities and Confidentiality Act ("IMHDDCA"), 740 ILCS 110/1 et seq.; 20

2

ILCS 301/30-5; 42 U.S.C § 290dd-2; 42 CFR Part 2. But all these confidentiality provisions have exceptions to their protections that permit disclosure pursuant to court order. *See* HIPAA 45 C.F.R. § 164.512(c); IMHDDCA 740 ILCS 110/10(d); 20 ILCS 301/30-5(bb)(2)(E); 42 U.S.C § 290dd-2(b)(2)(C); 42 C.F.R. 2.61-2.65.

Plaintiff's mental and physical state is at issue in this case based on the breadth and severity of the physical and emotional damages Plaintiff seeks. Accordingly, good cause exists for entry of the proposed HIPAA and MHDDCA order (attached hereto as Exhibit A).

Plaintiff and the other Defendants do not oppose entry of the proposed HIPAA and MHDDCA order.

Accordingly, Defendant City respectfully moves this Court for a finding of good cause and entry of the attached HIPAA and MHDDCA Order (Exhibit A) and for any other relief the Court deems appropriate.

Respectfully submitted,

MARY B. RICHARDSON-LOWRY

Corporation Counsel of the City of Chicago

By: *s/Molly E. Thompson*
Special Assistant Corporation Counsel

Terrence M. Burns
Paul A. Michalik
Daniel M. Noland
Molly E. Thompson
Burns Noland LLP
311 South Wacker Dr., Suite 5200
Chicago, IL 60606
(312) 982-0090 (telephone)
(312) 429-0644 (facsimile)

*Attorneys for Defendant City of Chicago*

**CERTIFICATE OF SERVICE**

      I hereby certify that on **November 21, 2025**, I electronically filed the foregoing **Defendant City's Unopposed Motion for Entry of HIPAA and Mental Health Protective Order** with the Clerk of the Court using the ECF system, which sent electronic notification of the filing on the same day to all counsel of record via the Court's CM/ECF system.

                                           *s/ Molly E. Thompson*