UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JERRY HERRINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:25-cv-08795 |
| | ) | |
| v. | ) | |
| | ) | Hon. Judge John R. Blakey |
| CITY OF CHICAGO, a municipal corporation, MATTHEW BRANDON; JAMES McKNIGHT; EDWARD WINSTEAD; DELORES MYLES; Special Representative To Be Determined for JAMES R. RILEY; Special Representative To Be Determined for JEROME C. DOROBA; THOMAS F. KELLY; JAMES E. WARD; WILLIAM TOFFENETTI; COOK COUNTY; and CHICAGO HOUSING AUTHORITY, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFF'S UNOPPOSED MOTION TO APPOINT SPECIAL REPRESENTATIVE FOR DECEASED DEFENDANTS JAMES R. RILEY AND JEROME C. DOROBA**

Plaintiff, Jerry Herrington, by and through his attorneys and without opposition, moves the Court to appoint Geri Lynn Yanow as Special Representative of Defendants James R. Riley, deceased, and Jerome C. Doroba, deceased, for purposes of defending this action. In support of his motion, Plaintiff states as follows:

1. Plaintiff filed this lawsuit on July 28, 2025, alleging that he was wrongfully convicted of first-degree murder as a result of investigative misconduct in the form of evidence fabrication and suppression and witness manipulation and coercion. (Doc. 1.) Plaintiff further

1

alleges that two of the individuals responsible for his wrongful conviction were former Chicago Police Department Detectives James R. Riley and Jerome C. Doroba. (*Id.*)

2. Defendants James R. Riley and Jerome C. Doroba each died prior to the filing of this lawsuit. No petition for letters of office has been filed on behalf of either Defendant following his death.

3. Federal district courts in Illinois have the power to appoint special administrators consistent with Illinois law. *Anderson v. Romero*, 43 F.3d 1121, 1124-35 (7th Cir. 1994).

4. Illinois provides for the appointment of a special representative where no estate has been opened for purposes of defending an action that otherwise survives a defendant's death. 735 ILCS 5/13-209(b)(2); *Relf v. Shatayeva*, 2013 IL 114925.

5. Plaintiff contends that the constitutional claims alleged in his Complaint against Defendants Riley and Doroba survive their deaths. *See, e.g.*, *Hicks v. Young*, No. 10 C 3874, 2012 WL 1755735, at *1-2 (N.D. Ill. May 15, 2012). Courts in this district have appointed special representatives under analogous circumstances. *See, e.g.*, *DeLeon-Reyes v. Guevara*, No. 18-cv-1028, 2019 WL 1200348 (N.D. Ill. Mar. 14, 2019); *Mendoza v. City of Chi.*, No. 23-cv-2441, Doc. 25 (N.D. Ill. June 27, 2023) (appointing Ms. Yanow to serve as special representative on behalf of deceased Chicago Police Department Detective Ernest Halvorsen).

6. Attorneys who have appeared on behalf of Individual Chicago Police Officer Defendants have advised that the next of kin for Defendants Riley and Doroba have declined

to serve as special representative. Geri Lynn Yanow is willing to serve as special representative for Defendants Riley and Doroba.

7. Plaintiff agrees to limit any recovery he is entitled to upon a showing of either Defendant Riley's and/or Defendant Doroba's liability, which shall be limited to amounts owed pursuant to statutory indemnification protecting the estates. At the time of their deaths, Defendants Riley and Doroba were entitled to indemnification by their employer under 745 ILCS 10/9-102 for their liability arising out of Plaintiff's wrongful conviction-related claims against them.

8. Plaintiff will not seek punitive damages from deceased individuals Riley and Doroba or their Special Representative in this action.

9. Plaintiff seeks appointment of Ms. Yanow as special representative in conformity with the requirements of 735 ILCS 5/13-209(b)(2) to defend Plaintiff's wrongful conviction-related claims against Defendants Riley and Doroba.

10. Ms. Yanow is an adult, capable of serving as representative of Defendants Riley's and Doroba's estates for purposes of defending Plaintiff's action. Ms. Yanow is qualified under the laws of the State of Illinois to represent the estates of Defendant Riley and Doroba.

11. Counsel for Plaintiff and counsel for Defendants have conferred, and Defendants do not oppose the appointment of Geri Lynn Yanow as Special Representative on behalf of Defendant James R. Riley, deceased, and Defendant Jerome C. Doroba, deceased.

12. By not opposing this motion, the City of Chicago and the Special Representative of Riley and Doroba, deceased, do not forgo or waive any defenses or the ability to seek

dismissal, judgment, relief from order or judgment or an appeal. Further, the City of Chicago and the Special Representative of Riley and Doroba reserve the right to assert any defense and to pursue any dispositive and post-judgment motions and any appeals in this matter, including but not limited to those that would otherwise by available had this motion been opposed.

WHEREFORE, Plaintiff Jerry Herrington prays that an order be entered appointing Geri Lynn Yanow as Special Representative of the Estate of JAMES R. RILEY, Deceased, and the Estate of JEROME C. DOROBA, deceased, for purposes of defending Plaintiff's lawsuit, that the Special Representative be granted leave to file an appearance on behalf of Defendants Riley and Doroba, and for any other and further relief as the Court deems appropriate and proper.

Date: November 24, 2025

Respectfully submitted,

/s/ *Brian Eldridge*
One of Plaintiff's Attorneys

Brian Eldridge
Carter Grant
John Marrese
Paige Smith
**HART MCLAUGHLIN & ELDRIDGE, LLC**
One South Dearborn, Suite 1400
Chicago, Illinois 60603
P. (312) 955-0545
beldridge@hmelegal.com
cgrant@hmelegal.com
jmarrese@hmelegal.com
psmith@hmelegal.com

Antonio M. Romanucci
Joshua Levin
Patrick Driscoll

4

ROMANUCCI & BLANDIN, LLC
321 N. Clark Street, Suite 900
Chicago, Illinois 60654
Tel: (312) 458-1000
Fax: (312) 458-1004
aromanucci@rblaw.net
jlevin@rblaw.net
pdriscoll@rblaw.net

*Attorneys for Plaintiff*