UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JERRY HERRINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:25-cv-08795 |
| | ) | |
| v. | ) | |
| | ) | Judge John Robert Blakey |
| CITY OF CHICAGO, a municipal corporation, MATTHEW BRANDON, Star No. 17698; JAMES McKNIGHT, Star No. 13026; EDWARD WINSTEAD, Star No. 20119; DELORES MYLES, Star No. 20242; Special Representative To Be Determined for JAMES R. RILEY, Star No. 20250, Deceased; Special Representative To Be Determined for JEROME C. DOROBA, Star No. 20209; THOMAS F. KELLY, Star No. 14082; JAMES E. WARD, Star No. 15808; WILLIAM TOFFENETTI, and COOK COUNTY, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Magistrate Judge Gabriel A. Fuentes |
| Defendants. | ) | |

## AGREED QUALIFIED HIPAA AND MENTAL HEALTH PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and 45 C.F.R. § 164.512(e)(1), the Court finds good cause for the issuance of a qualified protective order and ORDERS as follows:

1. During the course of this litigation, it may be necessary to produce, disclose, receive, obtain, subpoena, and transmit medical, mental health, and drug and alcohol treatment/rehabilitation information of Plaintiff **Jerry Herrington** ("Plaintiff").

2. Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and 45 C.F.R. § 164.512(e)(1), good cause exists for the entry of a HIPAA and MHDDCA protective order for Plaintiff's medical, mental health, and drug and alcohol treatment/rehabilitation information to prevent the unauthorized disclosures, control the receipt of, and direct the use of medical, mental health and drug and alcohol treatment/rehabilitation information during the course of this litigation.

3. The parties and their attorneys are hereby authorized to receive, subpoena and transmit "protected health information," mental health information, and drug and alcohol treatment/rehabilitation information pertaining to Plaintiff, to the extent and subject to the conditions outlined herein.

4. The following words and terms are defined for the purposes of this Qualified Protective Order:

    a. "Protected Health Information" ("PHI") shall have the same scope and definition as set forth in 45 C.F.R. § 160.103 and 164.501. Protected health information includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present, or future physical condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

    b. "Privacy Standards" shall mean the Standards for Privacy of Individually Identifiable Health Information. See 45 C.F.R. §§ 160 & 164 (2000).

    c. "Mental Health Information" shall have the same scope and

definition as set forth in 740 ILCS 110/2. Without limiting the generality of the foregoing, mental health information includes, but is not limited to, information obtained from "mental health services", including "confidential communications," "personal notes" and "records", relating to either, (a) the past, present or future mental health condition of an individual, (b) the provision of care and treatment to an individual, or (c) the payment for care provided to an individual, which identifies the mental health services or which reasonably could be expected to identify the mental health services.

      d.    "Drug and Alcohol Treatment/Rehabilitation Information" shall have the same scope and definition as set forth in 20 ILCS 301/1-1 et seq.; 42 USC §§ 290aa- 290ll; and 42 CFR §§ 2.1-2.67.

5.    All "covered entities" (as defined by 45 C.F.R. § 160.13) and "record custodians" (as defined by 740 ILCS 110/2) are hereby authorized to disclose PHI, Mental Health Information, and Drug and Alcohol Treatment/Rehabilitation Information pertaining to Plaintiff to attorneys representing the Plaintiff and Defendants in the above-captioned litigation.

6.    The Parties shall assist each other in the release of PHI, Mental Health Information and Drug and Alcohol Treatment/Rehabilitation Information by waiving all notice requirements that would otherwise be necessary under HIPAA, MHDDCA, and the Privacy Standards.

7.    The parties and their attorneys shall be permitted to use or disclose the PHI, Mental Health Information, and Drug and Alcohol Treatment/Rehabilitation

Information of Plaintiff for purposes of prosecuting or defending this action including any appeals of this case. This includes, but is not necessarily limited to, disclosure to their attorneys (including their firms, support staff, agents, and consultants), the parties' insurers, experts, consultants, court personnel, court reporters, copy services, trial consultants, jurors, venire members, and other entities or persons involved in the litigation process.Any documents that contain PHI, Mental Health Information and Drug and Alcohol Treatment/Rehabilitation Information obtained pursuant to this order shall be designated confidential subject to this Order and labeled "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER." Documents labeled and disclosed pursuant to this order shall be kept confidential (except as allowed by this order), stored to maintain their confidentiality according to the Privacy Standards and MHDDCA, and not be disclosed in or attached to any publicly filed documents unless:

    a.    The PHI, Mental Health Information, and Drug and Alcohol Treatment/Rehabilitation Information has been redacted.

    b.    The Plaintiff has agreed to the filing of such document; or

    c.    The Court has ordered that the document can be publicly filed.

8.    Prior to disclosing Plaintiff's protected health information to persons involved in this litigation, counsel shall inform each such person that Plaintiff's protected health information may not be used or disclosed for any purpose other than this litigation. Counsel shall take all other reasonable steps to ensure that persons receiving Plaintiff's protected health information do not use or disclose such

information for any purpose other than this litigation.

9. Within 60 days after the conclusion of the litigation as to any Defendant (including appeals) that Defendant any any person or entity no longer involved in the litigation who is in possession of PHI, Mental Health Information, and Drug and Alcohol Treatment/Rehabilitation Information received pursuant to paragraph four of this Order, shall return Plaintiff's PHI, Mental Health Information, and Drug and Alcohol Treatment/Rehabilitation to the covered entity or destroy any and all copies of PHI, Mental Health Information, and Drug and Alcohol Treatment/Rehabilitation pertaining to Plaintiff, except that counsel are not required to secure the return or destruction of protected health information submitted to the court. This Order exempts from destruction such records that Cook County and its departments and separately elected officials are required to retain pursuant to the Illinois Local Records Act 50 ILCS 205 and other applicable laws and Cook County Ordinances.

10. This Order does not control or limit the use of PHI, Mental Health Information, and Drug and Alcohol Treatment/Rehabilitation pertaining to Plaintiff that comes into the possession of the parties or their attorneys from a source other than a "covered entity," as that term is defined in 45 C.F.R. § 160.103 or from a "therapist" (as that term is defined in 740 ILCS 110/2).

11. Nothing in this Order authorizes counsel for the Defendants to obtain PHI, Mental Health Information, and Drug and Alcohol Treatment/Rehabilitation through means other than formal discovery requests, subpoenas, depositions, pursuant to a patient authorization, through attorney-client communications, or

other lawful process.

12. This Order does not authorize either party to seal court filings or court proceedings. The Court will make a good cause determination for filing under seal if and when the parties seek to file Plaintiff's protected health information under seal.

Dated:  December 1, 2025                     Entered:

_____
John Robert Blakey
United States District Judge