UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JERRY HERRINGTON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITY OF CHICAGO, a municipal ) <br> corporation, MATTHEW BRANDON, ) <br> Star No. 17698; JAMES McKNIGHT, ) <br> Star No. 13026; EDWARD WINSTEAD, ) <br> Star No. 20119; DELORES MYLES, Star ) <br> No. 20242; Special Representative To Be ) <br> Determined for JAMES R. RILEY, Star ) <br> No. 20250, Deceased; Special ) <br> Representative To Be Determined for ) <br> JEROME C. DOROBA, Star No. 20209; ) <br> THOMAS F. KELLY, Star No. 14082; ) <br> JAMES E. WARD, Star No. 15808; ) <br> WILLIAM TOFFENETTI, and COOK ) <br> COUNTY, ) <br> ) <br> Defendants. ) | Case No. 1:25-cv-08795 |

## INITIAL JOINT STATUS REPORT

The Parties, by and through their respective counsel, hereby submit this Initial Joint Stauts Report, pursuant to the Court's November 10, 2025 Order (Doc. 64).

### I. Type of Initial Status Report

The instant Status Report is filed jointly on behalf of all parties.

### II. Service of Process

All named Defendants have been served.

1

**III.** **The Nature of the Case**

    a.    **Attorneys of Record:**

*Plaintiff Jerry Herrington*

Brian Eldridge (Lead Counsel; N.D. Ill. Trial Bar member; Ill. Bar No. 6281336)
Carter Grant (Ill. Bar No. 6306058)
John Marrese (Ill. Bar No. 6306516)
Paige Smith (Ill. Bar No. 6336780)
HART MCLAUGHLIN & ELDRIDGE, LLC
One South Dearborn Street, Suite 1400
Chicago, Illinois 60603
Tel: (312) 955-0545
beldridge@hmelegal.com
cgrant@hmelegal.com
jmarrese@hmelegal.com
psmith@hmelegal.com

Antonio M. Romanucci (Ill. Bar No. 6190290)
Stephen H. Weil (Ill. Bar No. 6291026)
ROMANUCCI & BLANDIN, LLC
321 N. Clark Street, Suite 900
Chicago, Illinois 60654
Tel: (312) 458-1000
Fax: (312) 458-1004
aromanucci@rblaw.net
sweil@rblaw.net

*Defendant City of Chicago*

Terrence M. Burns (Lead Counsel; N.D. Ill. Trial Bar member; Ill Bar Member)
Daniel M. Noland (Lead Counsel; N.D. Ill. Trial Bar member; Ill Bar Member)
Molly E. Thompson (N.D. Ill. Trial Bar member; Ill Bar Member)
Burns Noland LLP
311 South Wacker Dr., Suite 5200
Chicago, IL 60606
(312) 982-0090 (telephone)
(312) 429-0644 (facsimile)
tburns@burnsnoland.com
dnoland@burnsnoland.com
mthompson@burnsnoland.com

**Defendants Matthew Brandon, James McKnight, Edward Winstead, Delores Myles, Thomas F. Kelly, and James E. Ward, Special Representative for James R. Riley and Special Representative for Jerome C. Doroba**

Steve B. Borkan (Lead Counsel; N.D. Ill. Trial Bar member; Ill Bar Member)
Timothy P. Scahill (Lead Counsel; N.D. Ill. Trial Bar member; Ill. Bar Member)
Misha Itchhaporia (N.D. Ill. Trial Bar member; Ill Bar Member)
Graham P. Miller (N.D. Ill. Trial Bar member; Ill Bar Member)
Amanda Guertler (Ill Bar Member)
Andrea Fabian-Checkai (Ill Bar Member)
BORKAN & SCAHILL, LTD.
20 S. Clark St., Suite 1700
Chicago, IL 60302
Tel: (312) 580-1030
sborkan@borkanscahill.com
tscahill@borkanscahill.com
mitchhaporia@borkanscahill.com
gmiller@borkanscahill.com
aguertler@borkanscahill.com
acheckai@borkanscahill.com

**Defendant William Toffenetti**

Robert Shannon (Lead Counsel, N.D. Ill. Trial Bar Member, Ill. Bar Member)
Anshuman Vaidya (Ill. Bar Member)
Calvin Edwards (Ill. Bar Member)
Hinshaw & Culbertson, LLP
151 N. Franklin Street, Suite 2500, Chicago, IL 60606.
rshannon@hinshawlaw.com
avaidya@hinshawlaw.com
cedwards@hinshawlaw.com

b. **Basis for Federal Subject Matter Jurisdiction:**

On July 28, 2025, Plaintiff filed his Complaint against Defendants, asserting claims under 42 U.S.C. § 1983 against all Defendants for violations of his constitutional rights, which resulted in his wrongful arrest, detainment, and conviction. The Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331.

Plaintiff has also asserted claims against Defendants arising under Illinois state law. The Court has supplemental jurisdiction over those claims under 28 U.S.C. § 1367, as they are so

related to the claims forming the basis for federal subject matter jurisdiction (*i.e.*, Plaintiff's Section 1983 claims against Defendants) that they form part of the same case or controversy under Article III.

    c.    **Nature of the Claims Asserted:**

**Plaintiff Jerry Herrington**

Plaintiff alleges that he was wrongfully arrested, prosecuted, and convicted for the June 1991 murder of Vera Brown. Plaintiff served nearly 29 years in prison before he was exonerated by agreement of the State and his conviction was vacated.

Plaintiff alleges that the unconstitutional misconduct of the individual defendant police officers, detectives, and prosecutors were the cause of Plaintiff's wrongful conviction. He has asserted claims under 42 U.S.C. § 1983 for the violation of his due process rights and alleges that the individual defendants conspired to fabricate material, inculpatory evidence against Plaintiff and suppress exculpatory evidence supporting his innocence or that could have otherwise been used to impeach State witnesses at trial. Plaintiff has also alleged state law claims against the individual defendants.

Additionally, Plaintiff has asserted a *Monell* claim against the City of Chicago, alleging that the Chicago Police Department's widespread pattern and practice of fabricating false evidence, withholding exculpatory evidence in violation of *Brady*, failing to identify, investigate, and/or discipline officers for fabricating or withholding evidence, and otherwise failing to properly train, supervise, discipline, monitor, and control officers repeatedly accused of unconstitutional misconduct caused Plaintiff's wrongful conviction.

Claims for indemnification and *respondeat superior* are asserted against the City of Chicago and Cook County.

4

***Defendants***

Defendants deny any wrongdoing and deny that they are liable for any injuries and/or damages Plaintiff may have suffered.

    **d.    Anticipated Legal and Factual Issues:**

**Plaintiff Jerry Herrington**

Plaintiff alleges that his conviction was the result of unconstitutional misconduct by the defendant police officers, detectives, and prosecutors who investigated the crime, together with the City of Chicago's widespread pattern and practice of condoing, enabling, and rewarding personnel for falsifying, manufacturing, or otherwise fabricating inculpatory evidence and suppressing *Brady* exculpatory evidence.

Plaintiff anticipates that the factual issues will include: (i) who murdered Vera Brown and under what circumstances; (ii) whether the statement of Melvin Jefferson was fabricated; (iii) whether Jerry Herrington was physically beaten by CPD officers; (iv) whether the report of a confession was fabricated; (v) whether certain CPD reports were fabricated; (vi) whether material, exculpatory evidence was withheld; and (vii) whether the CPD's customs and practices were a moving force behind the alleged constitutional violations.

Plaintiff anticipates that the defendants will raise various immunity defenses, including qualified immunity, testimonial immunity, and/or prosecutorial immunity.

***Defendants***

City Defendants assert the following affirmative defenses: Qualified Immunity, Absolute Immunity, Failure To Mitigate, Set Off, Comparative Or Contributory Fault, Statute Of Limitations, 745 ILCS 10/2-109, 745 Ill. Comp. Stat. 10/2-208, 745 Ill. Comp. Stat. 10/2-204, 745 Ill. Comp. Stat. 10/8-101(A), 735 Ill. Comp. Stat. 5/13-202, 745 Ill. Comp. Stat. 10/2-201,

5

745 Ill. Comp. Stat. 10/2-210, 745 Ill. Comp. Stat. 10/2-202, 745 Ill. Comp. Stat. 10/2-205 and 745 Ill. Comp. Stat. 10/2-103, 745 Ill. Comp. Stat. 10/2-212, 745 Ill. Comp. Stat. 10/4-104, Unconstitutionality Of Punitive Damage Award, doctrine of *in pari delicto,* Collateral Estoppel/Res Judicata, Fourteenth Amendment claims in Count IV are not actionable, and Failure to Intervene claim has no basis in the Constitution. County Defendants assert the following affirmative defenses: Absolute Prosecutorial Immunity, Qualified Immunity, Statute of Limitations, No Respondeat Superior, No Official Capacity Claim against Defendant Cook County, Indemnification Only for Cook County, Sovereign Immunity, 745 Ill. Comp. Stat. 10/2-201, 745 Ill. Comp. Stat. 10/2-202, 745 ILCS 10/2-204, 745 Ill. Comp. Stat. 10/2-205, 745 Ill. Comp. Stat. 10/2-208, 745 Ill. Comp. Stat. 10/2-213, No Attorney Fees for State Law Claims, Failure to Mitigate Damages, and Res Judicata and Collateral Estoppel.

Defendant Toffenetti asserts the following affirmative defenses: Absolute Prosecutorial Immunity, Qualified Immunity, Sovreign Immunity, Federal Statute of Limitations, Illinois Statute of Limitations, Tort Immunity Act 745 ILCS 10/2-201, Tort Immunity Act 745 ILCS 10/2-202, Tort Immunity Act 745 ILCS 10/2-204, Tort Immunity Act 745 ILCS 10/2-205, Tort Immunity Act 745 ILCS 10/2-208, Tort Immunity Act 745 ILCS 10/2-212, Tort Immunity Act 745 ILCS 10/2-213, No Attorneys Fees for State Law Claims, Failure to Mitigate Damages, Res Judicata, Judicial Estoppel, Collateral Estoppel, and Waiver, Personal Involvement, Vicarious Liability, In pari delicto, Comparative or Contributory Fault, Unconstitutionality of Punitive Damages Award, If Any, and Setoff.

e. **Damages and Other Relief Sought:**

***Plaintiff Jerry Herrington***

Plaintiff seeks the following damages, in an amount to be determined by a jury: (1) compensatory damages against all defendants for Plaintiff's loss of freedom, loss of time, loss of opportunity, pain and suffering, mental and emotional distress, reduced life expectancy, loss of wages and economic opportunity, physical injury, loss of time with and affection of loved ones, and all other damages recoverable arising from his wrongful arrest, detention, prosecution, conviction, and imprisonment; (2) punitive damages against the individual defendants; (c) attorneys' fees and expenses against all defendants pursuant to Plaintiff's federal constitutional claims; (d) costs against all defendants; and (e) pre-judgment and post-judgment interest.

***Defendants***

City Defendants deny that they are liable for any injuries and/or damages Plaintiff may have suffered. Defendant Toffenetti denies that he is liable for any injuries and/or damages Plaintiff may have suffered.

**IV. Pending Motions and Case Plan.**

a. At this time, there are no pending motions before the Court. On December 2, 2025, this Court entered a Qualified HIPAA and Mental Health Protective Order (Doc. 71.) This Court also granted Plaintiff's unopposed motion to appoint Geri Lynn Yanow as Special Representative of the Estate of James R. Riley, deceased, and the Estate of Jerome C. Doroba, deceased. (Doc. 70.)

b. The parties anticipate that a confidentiality order will be necessary in this matter. The parties are presently meeting and conferring concerning a proposed order.

7

c. As with many wrongful conviction cases, the parties anticipate that they will face certain challenges with respect to written and oral discovery, as Plaintiff's underlying criminal prosecution involved events that took place more than 33 years ago between 1991 and 1992. Consequently, the parties have met and conferred to jointly propose a discovery framework that, in their collective judgment, allows sufficient time to conduct fact discovery while still efficiently moving the case towards trial and/or resolution.

1. The parties propose that *Monell* discovery be deferred until case-specific fact discovery is completed. Thus, the parties propose conducting fact discovery in two stages: (i) Non-*Monell* fact discovery, and then, (ii) *Monell* fact discovery, followed by a single stage of expert discovery. Closer to the close of non-*Monell* fact discovery, Defendant City might raise the possibility of seeking a bifurcation and stay of the *Monell* claim for discovery and trial and will confer with Plaintiff's counsel on that issue. Within this framework, the parties propose the following schedule:

2. The parties shall serve Rule 26(a)(1) disclosures on or before December 17, 2025;

3. The parties shall serve written discovery requests on or before December 31, 2025;

4. The parties shall complete all non-*Monell* fact discovery by September 30, 2026.

8

5. The parties propose that determining a *Monell* fact discovery schedule, expert discovery schedule, dispositive motion deadline, and tentative trial date be deferred until after the completion of Non-*Monell* fact discovery.

d. Plaintiff has demanded a jury trial and estimates a two-week trial. City Defendants and Defendant Toffenetti estimate that trial will last 15 to 20 trial days.

## V. Consent to Proceed Before a Magistrate Judge.

The parties confirm that they have discussed the advantages of a Magistrate Judge referral, but the parties do not unanimously consent to proceed before the assigned Magistrate Judge.

## VI. Status of Settlement Discussions.

a. To date, no settlement discussions have taken place. Plaintiff has evaluated the case and is ready to participate in an early settlement conference. Plaintiff submits that early evaluation and resolution of wrongful conviction cases would benefit the City of Chicago and would encourage the City to commit to that process in the present matter.

b. Defendant Toffenetti is not yet in a position to talk settlement as he is still investigating the claims, defenses, and gathering the relevant information pertaining to this case.

c. The City appreciates Plaintiff's willingness to explore settlement early in the case and agrees that early resolution can benefit all parties. Plaintiff has not issued a demand to date. The City does not yet have sufficient information to evaluate the case for settlement, but once it has such information, and upon a reasonable demand from plaintiff, it will be prepared to further engage in the process and evaluate whether a settlement conference would be productive.

Dated: December 9, 2025

Respectfully Submitted,

/s/ *Brian Eldridge*
Counsel for Plaintiff

/s/ *Misha Itchhaporia*
Counsel for Defendants Brandon, McKnight, Myles, Kelly, Riley and Doroba

/s/ *Molly Thompason*
Counsel for Defendant City

/s/ *Calvin Edwards*
Counsel for Defendant Toffenetti