IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JERRY HERRINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:25-cv-08795 |
| | ) | |
| v. | ) | |
| | ) | Hon. John Robert Blakey |
| CITY OF CHICAGO, a municipal corporation, MATTHEW BRANDON, Star No. 17698; JAMES McKNIGHT, Star No. 13026; EDWARD WINSTEAD, Star No. 20119; DELORES MYLES, Star No. 20242; Special Representative To Be Determined for JAMES R. RILEY, Star No. 20250, Deceased; Special Representative To Be Determined for JEROME C. DOROBA, Star No. 20209; THOMAS F. KELLY, Star No. 14082; JAMES E. WARD, Star No. 15808; WILLIAM TOFFENETTI, and COOK COUNTY, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Magistrate Gabriel A. Fuentes |
| Defendants. | ) ) | |

**UNOPPOSED MOTION FOR ENTRY OF AGREED CONFIDENTIALITY PROTECTIVE ORDER**

Defendant, City of Chicago ("City"), by and through its counsel, Burns Noland LLP, moves pursuant to Fed. R. Civ. P. 26(c) and 45 C.F.R. §§ 160 and 164, for entry of the parties' proposed "Agreed Confidentiality Protective Order" (attached as Exhibit A), and in support, states:

1. Plaintiff Jerry Herrington brings this action against the City, Chicago police detectives and officers, a Cook County assistant state's attorney, and Cook County, alleging Defendants violated his constitutional and state law rights.

2. Plaintiff and the Defendants have begun to engage in the exchange of discovery and anticipate the additional disclosure of certain Confidential Information as defined in paragraph

2 of the attached proposed Agreed Confidentiality Protective Order (Exhibit A). This information includes, but is not limited to, private information in personnel files, such as employment applications, performance evaluations, tax forms, requests for medical leave, and the like, as well as personal and family information of police officers and state's attorneys, including residential information. It also includes information contained within disciplinary files that are otherwise prohibited from public disclosure by statute. In the event Plaintiff wishes to use a produced disciplinary file in which an individual defendant is named as a respondent publicly, paragraph 2 of the proposed Agreed Confidentiality Protective also provides Plaintiff with the option of requesting a redacted, non-confidential version of that file.

3. The parties conferred pursuant to Fed. R. Civ. P. 26(c) and agree that entry of the attached proposed Agreed Confidentiality Protective Order (Exhibit A) is appropriate in this case.

4. The proposed Agreed Confidentiality Protective Order is consistent with this District's model confidentiality order, to the extent possible. A redlined version of the proposed Agreed Confidentiality Protective Order (Exhibit B) reflects any changes or additions to the model order.

5. Courts have consistently provided confidential protection for the kind of unfiled, sensitive documents at issue here. For instance, in *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 33 (1984), the Supreme Court held that the public's right of access is limited to traditionally publicly available sources of information, and "restraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information." The Court there recognized that Fed. R. Civ. P. 26(c) allows for protection from annoyance and embarrassment, and while Rule 26(c) does not contain a specific reference to privacy, privacy is "implicit in the broad purpose and language of the Rule." *Seattle Times*, 467 U.S. at 35, n.21.

1.	The Seventh Circuit re-confirmed its position distinguishing between filed and unfiled discovery for purposes of confidential protection in *Goesel v. Boley Int'l,* 738 F.3d 831, 833 (7th Cir. 2013). Citing its earlier decision in *Baxter International, Inc. v. Abbott Laboratories,* 297 F.3d 544 (7th Cir. 2002), the Seventh Circuit stated ". . . the presumption of public access 'applies only to the materials that formed the basis of the parties' dispute and the district court's resolution'; other materials that may have crept into the record are not subject to the presumption.'" *Goesel,* 738 F.3d at 833*; Baxter*, 297 F.3d at 548. Earlier in *Baxter*, the court also stated that "[s]ecrecy is fine at the discovery stage, before the material enters the judicial record." *Baxter*, 297 F.3d at 545. And in *Bond v. Utreras,* the court re-emphasized that "[t]here are good reasons to treat the public's right to access filed and unfiled discovery materials differently." 585 F.3d 1061, 1074-75 (7th Cir. 2009). "Generally speaking, the public has no constitutional, statutory (rule-based), or common-law right of access to unfiled discovery." *Id.* at 1073; *see also Coleman v. City of Chicago, et al.*, 12 C 10061 (N.D. Ill. Apr. 4, 2014) (J. Kennelly) (as a general rule, the public has no right of access to unfiled discovery (*citing Bond*, *supra*)).

2.	Additionally, while Illinois statutes do not control this Court's determination, such statutes provide helpful guidance in determining whether there is good cause for defining various information contained within the disclosed documents as confidential. *See, e.g., Johnson v. Kemps,* 2011 WL 2550507 at *2 (N.D. Ill. June 20, 2011). For example, Section 7 of the Illinois Freedom of Information Act ("IFOIA") sets forth exemptions to public disclosure of specific sensitive information. 5 ILCS 140/7 *et seq*. (West 2010). These include, *inter alia*, names of complainants and third parties and other private information of individuals, including social security numbers, personal addresses, and the like, and information that needs to be protected for safety and security reasons. 5 ILCS 140/7(1)(a), 5 ILCS 140/7(1)(b), 5 ILCS 140/7(1)(c), 5 ILCS 140/7(1)(d). In

3

addition, the Juvenile Court Act, 705 ILCS 405/1-1 *et seq.* (protecting the disclosure of juvenile court records), the Illinois Identity Protection Act 5 ILCS 179/10(b)(1) (protecting citizens from identity theft), and the Illinois Personnel Records Review Act, 820 ILCS 40/0.01 *et seq.* (protecting the disclosure of certain employee personnel file information) also mandate protection under Illinois law.

3. The proposed additional language in Exhibit A tracks protective orders entered by the courts in this district containing similar, if not identical, language regarding the definition of confidential matter. *See Brown v. Bryant, et al.*, 18 C 8011, at Dkt. 71 (N.D. Ill. July 5, 2022) (Blakey, J.); *Ferguson v. Cook County, Illinois, et al.*, 20 C 4046, at Dkt. 109 (N.D. Ill. May 12, 2022) (Fuentes, J.); *Burrell v. Graf*, 25 CV 02238, at Dkt. 116 (ND. Ill. Oct. 9, 2025) (Valdez. J.); *Iglesias v. Guevara*, 19 CV 6508, at Dkt. 104 (N.D. Ill. Dec. 16, 2020) (Valdez, J.); *Franklin v. Godinez, et al.*, 22 C 2886 (N.D. Ill. Jan 30, 2023) (Rowland, J.); *Jackson v. City of Chicago, et al.*, 22 C 4374 (N.D. Ill. Jan. 26, 2023) (McShain, J.); *Ochoa v. City of Chicago, et al.*, 22 C 2283 (N.D. Ill. Dec. 09, 2022) (Seeger, J.); *Ball v. City of Chicago, et al.*, 21 C 4840 (N.D. Ill. Nov. 4, 2022) (Maldonado, J.); *Lonzo v. City of Chicago, et al.*, 21 C 4558 (N.D. Ill. Oct. 30, 2022) (Coleman, J.); *Robinson v. City of Chicago, et al.*, 21 C 6711 (N.D. Ill. Oct. 6, 2022) (Kness, J.); *Burden v. Torres, et al.*, 22 C 0046 (N.D. Ill. July 15, 2022) (Zee, J.); *Pollard v. City of Chicago, et al.*, 20 C 7054 (N.D. Ill. April 26, 2022) (Cummings, J.).

4. The undersigned counsel conferred with the other Defendants' counsel and Plaintiff's counsel regarding the proposed Agreed Confidentiality Protective Order and this motion, and all parties agree to the terms of the proposed Confidentiality Protective Order and do not oppose this motion.

Wherefore, Defendant City respectfully moves this Court for a finding of good cause and entry of the attached Agreed Confidentiality Protective Order (Exhibit A) and for any other relief the Court deems appropriate.

                                        Respectfully submitted,

                                        MARY B. RICHARDSON-LOWRY

                                        Corporation Counsel of the City of Chicago

                                        By: *s/Molly E. Thompson*
                                        Special Assistant Corporation Counsel

Terrence M. Burns
Paul A. Michalik
Daniel M. Noland
Molly E. Thompson
Burns Noland LLP
311 South Wacker Dr., Suite 5200
Chicago, IL 60606
(312) 982-0090 (telephone)
(312) 429-0644 (facsimile)

*Attorneys for Defendant City of Chicago*

## **CERTIFICATE OF SERVICE**

I hereby certify that on **January 7, 2026**, I electronically filed the foregoing **Defendant City of Chicago's Unopposed Motion for Entry of Agreed Confidentiality Protective Order** with the Clerk of the Court using the ECF system, which sent electronic notification of the filing on the same day to all counsel of record via the Court's CM/ECF system.

*s/ Molly E. Thompson*